United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-10563
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO ESQUIVEL-ROMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CR-4-ALL-C
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Armando Esquivel-Roman pleaded guilty to count one of an
indictment charging him for re-entering the United States
illegally after deportation. He was sentenced to a 30-month term
of imprisonment and to a three-year period of supervised release.

Esquivel contends that the district court erred in refusing
to depart downward on grounds of cultural assimilation. The
record reflects that the downward departure was denied because
the district court believed it was unwarranted. We lack
jurisdiction to review this ruling. See United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez-Montelongo, 263 F.3d 429, 431 (5th Cir. 2001). The appeal is dismissed in part.

Esquivel's offense level was raised by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(D) because he was convicted for an aggravated felony prior to deportation. Esquivel contends that the prior conviction constituted an element of the offense under 8 U.S.C. § 1326(b) and should not be regarded as a mere sentencing factor. Because the fact of the prior conviction was not alleged in the indictment, he contends, his maximum sentence should have been no more than 24 months under 8 U.S.C. § 1326(a). He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but asserts that Almendarez-Torres has been called into doubt by Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The district court's judgment is affirmed in part.

AFFIRMED IN PART; DISMISSED IN PART.